IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON LEE PANCHIGAR, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-187-RGA |
| DELAWARE DEPARTMENT OF CORRECTION COMMISSIONER, et al., | : |
| Defendants. | : |

Brandon Lee Panchigar, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 5, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Brandon Lee Panchigar, a pretrial detainee at James To Vaughn Correctional Center, in Smyrna, Delaware, filed this action on February 10, 2022, pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and proceeds *in forma pauperis*. He requests counsel. (D.I. 4, 12, 18). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Portions of Plaintiff's Complaint are illegible. As alleged, the dates of occurrence are from October 2021 to January 19, 2022. (D.I. 1 at 5). As best as can be discerned, Plaintiff has a history of suicide attempts. (*Id*.). At the time he commenced this action he had been housed at JTVCC for six months. (*Id*.). It appears he has attempted suicide at least twice since December 2019. (*Id*.).

Plaintiff submitted a grievance on December 17, 2021, complaining of severe skull pain. (D.I. 1-1 at 1). The grievance was returned unprocessed for Plaintiff's failure to submit a sick call slip. (*Id*.). The grievance states that "patient was on PCO (*i.e.*, psychiatric close observation) and being monitored by nursing; patient c/o pain the 17th, pain was addressed with no further complaints." (*Id*.).

On December 29, 2021, Plaintiff stopped breathing while in the back of a Department of Correction transport vehicle enroute to the hospital. (D.I. 1 at 6). Plaintiff alleges that Defendant Officer Guthrie neglected to administer CPR. (*Id*.). The

1

Complaint refers to other individuals present at the time, none of whom are named defendants. (*Id*.). It appears that on another date, officers witnessed Plaintiff's bloody cell, entered it, and administered treatment to Plaintiff, who was in pain. (*Id*. at 7). Plaintiff submitted a grievance on January 2, 2022, that while he was laying down in his cell, he started bleeding from his ear. (D.I. 1-1 at 3).

Plaintiff seeks compensatory damages and injunctive relief. (*Id*. at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Personal Involvement/Respondeat Superior**.  The Complaint contains no allegations directed towards Defendants Delaware Department of Correction Commissioner Monroe B. Hudson (he is named as a defendant twice), Warden Robert May, or Sergeant Goedemuz.   To the extent Hudson and May are named as defendants, it is well-established that there is no respondeat superior liability under § 1983.  See *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).  In addition, the Complaint does not allege the personal involvement of any of the foregoing defendants.  Claims brought pursuant to 42 U.S.C. § 1983 require a showing that each defendant was personally involved in the alleged wrongdoing.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  There are no such allegations.   Therefore, the claims against Hudson, May and Goedemuz will be dismissed.

**Medical Claim**.  Plaintiff attempts to raise a medical needs claim against Officer Guthrie.  To set forth a cognizable Eighth Amendment claim for inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation.  *White v.*

*Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Finally, mere disagreement as to the proper medical treatment is insufficient to state a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Plaintiff alleges that that Guthrie "neglected to administer CPR."  (D.I. 1 at 6).  Even when reading the Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against anyone for deliberate indifference to a serious medical need.  At most, he alleges negligence.  Therefore, the claim will be dismissed.

**Request for Counsel**. Plaintiff has filed three requests for counsel.  (D.I. 4, 12, 18).  A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

At this juncture, it is far from clear that Plaintiff's claims have merit.  All claims have been dismissed, and Plaintiff will be given leave to amend.  As there is no viable complaint, Plaintiff's requests for counsel will be denied without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 4, 12, 18); (2) dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and (3) give Plaintiff leave to file an amended complaint.

An appropriate Order will be entered.