IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BRANDON LEE PANCHIGAR,

Plaintiff,

v. : Civil Action No. 22-187-RGA

ROBERT MAY, et al.,

Defendants.

---

Brandon Lee Panchigar, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 18, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Brandon Lee Panchigar, a pretrial detainee at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and proceeds *in forma pauperis*. He requests counsel (D.I. 22, 27) and his complete medical/mental health records (D.I. 28). The original complaint was dismissed and Plaintiff was given leave to amend. The Court proceeds to screen the Amended Complaint (D.I. 26) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Amended Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Named as defendants are Delaware Department of Correction Commissioner Monroe B. Hudson, C/O Michael Hawkins, Sgt. Luis Carerro, Mental Health Director Eric Lowry, Delaware Bureau of Prisons Bureau Chief Shane Troxler, JTVCC Warden Robert May, Nurse Practitioner Feeah Miller, Sgt. Brandon Joiner, Corporal James Price, Corporal Mrs. Eisenbraun, Corporal Bukowski, Corporal Edwards, and John/Jane Doe(s) of the Delaware Department of Correction.

The Amended Complaint contains six counts: Count I alleges that Plaintiff, as a pretrial detainee, was subjected to excessive force in violation of his right to due process. Count II alleges violations of the Fourth, Eighth, and Fourteenth Amendments to United States Constitution for failure to protect and failure to intervene. Count III alleges that Plaintiff, as a sentenced inmate, was subjected to excessive force and unreasonable search and seizure. Count IV alleges that Plaintiff, as a sentenced

inmate, was subjected to policies that mandated the use of unnecessary and unreasonable force and customs that did not enforce the four point restraint policy and the use of force policy, all of which encouraged the infliction of cruel and unusual punishment. Count V alleges unlawful conditions of confinement in violation of Plaintiff's right to due process. Count VI alleges unlawful conditions of confinement in violation of the Fourth, Eighth, and Fourteenth Amendments.

Plaintiff seeks compensatory and punitive damages and injunctive relief. (D.I. 26 at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane*

*Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Pleading Deficiencies**. The Amended Complaints contains sufficient detail to allege viable claims for constitutional violations. The Court, however, is unable to glean from each Count against whom the claims are raised. In rare circumstances, the counts refer to specific individuals. Typically, however, the counts lack specific names and refer to "individual defendants" as a group. (D.I. 26 at 19-26). And, although there are allegations directed towards Hudson, Carerro, Miller, Joiner, Eisenbraun, Bukowski, and Edwards, they are not named in any count.

For example, the headings of Counts I and III[1] indicate they are brought against "the individual defendants." (*Id.* at 19, 22). Yet both counts speak to excessive force used by Price and his conspirators John/Jane Doe and seek relief from "individual defendants." (*Id.* at 19, 20, 22). Counts I and III only raise excessive force claims against Price and John/Jane Doe, although it is plead as though Plaintiff wants to raise

---

[1] Count I is raised on behalf of Plaintiff as a pretrial detainee. Count III is raised in the alternative, on behalf of Plaintiff as an inmate (presumably a sentenced inmate). Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989). Excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment. *Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Cir. 2005). Excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment. *Graham v. Connor*, 490 U.S. at 395 n.10.

additional claims against all "individual defendants" (whomever they may be). The other counts are similarly confusing.

The heading of Count II refers to John/Jane Doe(s). (*Id.* at 21). Yet the body of Count II refers to "the individual defendants (to include John/Jane Doe)" and their failure to intervene and/or protect Plaintiff from Lowry, Troxler, and Price. (*Id.*). Other than John/Jane Doe, Count II names no specific Defendants. It seeks relief from the "individual John/Jane Doe Defendants." (*Id.*).

The heading of Count IV states that it is brought against "the individual defendants" while the body of Count IV specifically refers to Hudson,[2] May, Lowry, and Troxler and seeks relief from Hudson, May, Lowry, and Troxler. (*Id.* at 21, 23). Conversely, the headings of Counts V and VI name Hudson, May, Lowry, and Troxler as defendants and specifically name them as defendants in the body of the count, yet Count V and VI also refer to "individual defendants." (*Id.* at 23, 24, 26). In both counts Plaintiff seeks relief from "individual defendants." (*Id.* at 24, 26).

As things stand, Plaintiff states a claim against Price in Counts I and III, and names Hudson, May, Lowry, and Troxler as Defendants in Counts IV, V, and VI.[3] Given the confusion, the Court will dismiss the Amended Complaint and give Plaintiff leave to file a second amended complaint to correct the pleading deficiencies by naming specific defendants in each count. If Plaintiff wants to proceed merely against Price in Counts I and III, and Hudson, May, Lowry, and Troxler as Defendants in Counts IV, V, and VI,

---

[2] The Amended Complaint refers to "Monroe," which I presume to refer to Monroe Hudson.

[3] I do not offer an opinion at this time as to whether Counts IV to VI state a claim against Hudson, May, Lowry, and Troxler.

Plaintiff should submit a statement to that effect, and the case will proceed against Price and I will decide whether claims are stated against Hudson, May, Lowry, and Troxler, but Plaintiff will not be given any further opportunities to amend the complaint.

**Request for Counsel**. Plaintiff has filed two requests for counsel. (D.I. 22, 27). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

Plaintiff previously sought, and was denied, counsel. (D.I. 19, 2). Nothing has changed. There is no viable complaint beyond an excessive force claim and no defendant has been served. Plaintiff has been given leave to file a second amended complaint, and whether appointment of counsel is merited is premature at this point. Accordingly, Plaintiff's requests for counsel will be denied without prejudice to renew.**Motion to Compel**. Plaintiff's motion to compel the production of his complete medical/mental health records (D.I. 28) will be denied as premature. No defendants have been served and a scheduling and discovery order has not been entered.

## CONCLUSION

---

[4]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's requests for counsel (D.I. 22, 27); (2) deny as premature the motion to compel (D.I. 28); (3) dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and (4) give Plaintiff leave to file a second amended complaint.

An appropriate Order will be entered.